Case 1:10-cv-00090-ILG-CLP Document 8 Filed 04/02/10 Page 1 of 3 PageID #: 21

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 2 - 2010 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
KYSEEM MOYD,

                                Plaintiff,

-against-

THE CITY OF NEW YORK, ENA RAMPERSAND,
(SHIELD NO. 5899), POLICE OFFICER MARTIN
HAYES (SHIELD NO. 24820) JOHN DOE 1-4
(representing unidentified police officers)

                                Defendants.
-----------------------------------------------------------------x

**STIPULATION AND ORDER OF SETTLEMENT AND DISCONTINUANCE**

10 CV 0090 (ILG) (CLP)

      **WHEREAS**, plaintiff commenced this action by filing a complaint on or about January 11, 2010, alleging that defendants violated his constitutional rights; and

      **WHEREAS**, defendants have denied any and all liability arising out of plaintiff's allegations; and

      **WHEREAS**, the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability; and

      **WHEREAS**, plaintiff has authorized his counsel to settle this matter on the terms set forth below;

      **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

      1.    This above-referenced action is hereby dismissed with prejudice, and without costs, expenses, or fees in excess of the amount specified in paragraph "2" below.

      2.    Defendant City of New York hereby agrees to pay plaintiff Kyseem Moyd the total sum of TWELVE THOUSAND FIVE HUNDRED DOLLARS ($12,500.00) in full

satisfaction of all claims, including claims for costs, expenses and attorney's fees. In consideration for the payment of this sum, plaintiff agrees to dismissal of all the claims against the City of New York and the individually named defendants, and to release all defendants, and any present or former employees or agents of the City of New York, from any and all liability, claims, or rights of action that have or could have been alleged by plaintiff arising out of the events alleged in the complaint in this action, including claims for costs, expenses and attorney's fees.

3. Plaintiff shall execute and deliver to defendant's attorney all documents necessary to effect this settlement, including, without limitation, a release based on the terms of paragraph "2" above and Plaintiff's Affidavit of Status of Liens.

4. Nothing contained herein shall be deemed to be an admission by the City of New York that it has in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York.

6. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
March 31, 2010

Robert Marinelli, Esq.
Attorney for Plaintiff
305 Broadway, 14th Floor
New York, New York 10007
(212) 822-1427

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
Attorney for Defendant City
100 Church Street
New York, N.Y. 10007
(212) 788-0899

By: _____
Robert Marinelli, Esq. (RM 4242)

By: _____
Stuart E. Jacobs (SJ 8379)

SO ORDERED:

_____
U.S.D.J.

4/1/10

- 3 -